# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

Civil Case No. 1:11cv277-MR
[Criminal Case No. 1:05cr10-MR-1]

| | |
|---|---|
| SAMUEL DAVIS BYRD, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255, [Doc. 1]. No response is necessary from the Government. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On February 8, 2005, Petitioner was indicted by the grand jury for the Western District with one count of possession with intent to distribute cocaine in an amount of at least 500 grams, in violation of 21 U.S.C. § 841(a)(1) (Count One). [1:05cr10, Doc. 1: Indictment]. Following indictment, the Government filed an Information, pursuant to 21 U.S.C. § 851, notifying

Petitioner of its intention to seek enhanced statutory penalties based on an alleged, prior felony conviction for possession of a Schedule II controlled substance, sustained in the Superior Court of Mecklenburg County, in North Carolina, on May 19, 1994. [Doc. 6]. On May 2, 2005, Petitioner appeared before the Court and tendered a plea of guilty to the one count in his Indictment, without benefit of a written plea agreement. [Doc. 15: Acceptance and Entry of Guilty Plea].

On December 30, 2005, Petitioner appeared with counsel before the Court for his sentencing hearing and was sentenced to 120-months' imprisonment for conviction on Count One. [Doc. 26: Judgment in a Criminal Case at 1-2]. Petitioner noted an appeal to the United States Court of Appeals for the Fourth Circuit.

On appeal, Petitioner argued that the Court erred in determining that he did not qualify for a sentence below the mandatory minimum under the safety valve provision of USSG § 5C1.2 (2005). The Fourth Circuit rejected this argument and affirmed his criminal judgment. United States v. Byrd, 208 F. App'x 206 (4th Cir. 2006) (unpublished). Petitioner did not file a petition for a writ of certiorari with the Supreme Court of the United States.

On October 19, 2011, Petitioner filed the instant motion under Section 2255 contending that his sentence was erroneously enhanced under

2

Section 841(b), because the conviction noticed by the Government under Section 851, did not carry a sentence in excess of one year. Petitioner maintains that he is entitled to collateral relief based on a change in circuit precedent, namely, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). [1:11cv277, Doc. 1 at 11].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner asserts that he is entitled to relief under Simmons because the Fourth Circuit has changed the way that the district court must determine whether a prior conviction qualifies as a felony for the purpose of determining an appropriate sentence under the sentencing guidelines. With particular regard to Petitioner's case, he argues that his prior North

3

Carolina drug offense exposed him to a sentence of less than one year. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted). Petitioner argues that his prior conviction was not a "felony" under Simmons, and therefore could not be a basis for the §851 Notice that served to increase his statutory minimum sentence to 120 months.

Petitioner's arguments are without merit for two reasons. First, Simmons is wholly inapplicable to Petitioner's prior conviction. Simmons construes North Carolina's Structured Sentencing Act. Petitioner's date of conviction for possession of cocaine, however, was May 19, 1994. See [1:05cr10, Doc. 44: Presentence Report ("PSR") ¶ 36]. This conviction

predates the enactment of North Carolina's Structured Sentencing Act which became effective for crimes committed after October 1, 1994. At the time Petitioner was convicted of the cocaine offense, he, and every other North Carolina defendant, was subject to the Fair Sentencing Act which provided for a maximum term of 10-years imprisonment for the cocaine offense. See United States v. Montford, 458 F. App'x 300, 301-02 (4th Cir. 2011) (unpublished) (citing N.C. Gen. Stat. §§ 14-1.1(a)(8), 90-95(a)(1) and (b)(1), repealed by, NCCSA, 1993 N.C. Sess. Laws, ch. 538, § 2). Therefore, the §851 Notice was correct and appropriate.

The decision in Simmons is also inapplicable to Petitioner's motion because it is not retroactive. The Fourth Circuit, in an opinion filed after Petitioner filed the present motion, held that the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and its *en banc* opinion in Simmons were not retroactive to cases on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). This conclusion has been repeatedly confirmed in unpublished opinions rejecting collateral relief based on Simmons and Carachuri. See, e.g., United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing Powell and rejecting retroactive claim in Section 2255 proceeding); United States v. Walker, 2012 WL 5359506, at *1 (4th Cir.

5

filed Nov. 1, 2012) (unpublished) (holding that "Carachuri claims may not be raised retroactively in collateral proceedings."). Based on the foregoing, the Court finds that Petitioner's Section 2255 motion is without merit and it will be dismissed.

In addition, Petitioner's motion was untimely.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, a motion challenging the legality of a sentence imposed by a federal court must be filed within a one-year period, which is calculated as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a  motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the    Supreme Court, if that right has been newly recognized by the  Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims  presented  could  have  been  discovered through the exercise of due  diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner contends that his § 2255 motion is timely under § 2255(f)(3) because it was filed within one year of the date the Supreme Court recognized the right. [1:11cv277, Doc. 1 at 11]. Petitioner's motion, however, was not filed within one year. <u>Simmons</u> was decided by the Court of Appeals for the Fourth Circuit, not the Supreme Court,[1] so it cannot serve to trigger the one-year period. <u>Simmons</u> was based on the Supreme Court's decision in <u>Carachuri</u>. <u>Carachuri</u>, however, was decided on June 14, 2010. Therefore Petitioner's one-year period under §2255(f)(3) expired on June 14, 2011. He filed his motion on October 19, 2011, more than four months after his deadline. Therefore, Petitioner's claim must also be dismissed as untimely.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding

---

[1] Petitioner, however, refers to <u>Simmons</u> being a decision of the Supreme Court in his motion.

that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion is **DISMISSED** as untimely. [Doc. 1].

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

Signed: January 16, 2013

Martin Reidinger
United States District Judge